(Lake County Court of Common Pleas.)

### MARJORIE W. ROTE v. ASA STRATTON ET AL.

Court of Common Pleas retains jurisdiction in probate matters, except so far as it is rendered dormant or superseded by the act of 1853. The act does not abolish that equitable jurisdiction of the Court of Common Pleas in probate matters by express terms, but that jurisdiction remains in the Court of Common Pleas as auxiliary to the jurisdiction conferred upon Probate Courts by said act, to be exercised only in exceptional cases where the probate jurisdiction is inadequate.

Fraud by one standing in a fiduciary and confidential relation to the person affected will avoid the settlement of any account of a trustee, executor or administrator induced thereby; and such final settlement may be attacked in a court of equity in an independent action upon a complaint that the final settlement was obtained by fraud, constructive or in fact; and the Common Pleas has jurisdiction in such action.

In such case the petition must state with distinctness all the facts and circumstances relied on as constructive fraud which it is claimed induced the making and approval by the Probate Court of the final settlement.

(Decided May 7, 1895.)

HOWLAND, J.

The plaintiff brings this action against the defendants, to set aside four accounts, filed in the Probate Court in this County, three being partial, and the fourth the final account, of the defendant, Stratton, as testamentary trustee of the plaintiff, on the ground of alleged fraud of said trustee in making said accounts and the settlement thereof in said Court, and that the plaintiff had a duly appointed guardian and was a minor only nine years of age when said trustee entered upon the discharge of his duties and received about $10,000 as such; that said alleged final settlement was made soon after she arrived at the age of eighteen years of age; that neither the plaintiff, or her guardian, ever had any notice or knowledge of the fraud alleged in the petition until within four years, and within a short time before the commencement of this action, and asks for a rehearing, accounting and correction of said accounts, and to recover the amount so found due the plaintiff from Stratton upon the bond of said trustee given for that purpose. The bond is set up, and a copy attached to the petition, and a breach thereof is averred, and the sureties made parties defendant.

To that petition the defendants, Stratton and Smead, separately filed a demurrer, and as ground thereof state.

First:—That this Court has no jurisdiction of the subject matter of this action.

Second:—That the petition does not contain a sufficient statement of facts to constitute a cause of action.

In support of the first, it is claimed this court has no jurisdiction of the subject matter of this action, for the reason that it is shown on the face of the petition that the accounts, including the final one, were all filed in the Probate Court in this County and allowed, approved and fully settled in that court; that the plaintiff was of full age and present with her husband at the final settlement; that no appeal was taken therefrom, or exceptions filed to either of said accounts, and more than eight months have elapsed after said hearing, approval and final settlement thereof before the commencement of this action, as provided in Sections 6187 and 6332, Revised Statutes.

An examination of the jurisdiction and powers of the Probate Court over said accounts is required to determine this question. It involves an inquiry as to how far its jurisdiction is exclusive, when the accounts are made, approved and settled in the manner alleged in this petition, and how far its orders are conclusive of the rights of these parties.

VOL. 2—3*

The Probate, and all other courts in Ohio, were created by the constitution.   Jurisdiction in probate matters is conferred upon the Probate Court by the constitution, and such other jurisdiction, in any county or counties, as may be provided by law, is also authorized thereby.

It is provided by law, Sec. 524, that the Probate Courts shall have exclusive jurisdiction to take proof of wills and order them to record; to grant and revoke letters testamentary and of administration; to direct and control the conduct, and settle the accounts of executors and administrators; and to order the distribution of estates; to appoint and remove guardians; to direct and control their conduct, and to settle their accounts. Other matters are also stated in that section as being within the exclusive jurisdiction of the Probate Court, but the control and approval of the accounts of testamentary trustees is not mentioned therein.

The only provision bearing upon the control and settlement of the accounts of testamentary trustees is found in Sec. 6332, where it is provided that, "the determination of the Probate Court on any such settlement, shall have the same force and effect as the like decision as to the account of an administrator or executor."

If the exclusive jurisdiction in the settlement of accounts of testamentary trustees is thereby vested in the Probate Court, it is not decisive of the question here raised.   Equity is said to be the spirit of the law. Courts of chancery were organized to administer equity in all cases where the law, by reason of its universality, failed to do justice between the parties.

A general jurisdiction in equity to hear and determine actions based upon equitable rights, in compliance with the established rules and precedents in equity, is vested in the Court of Common Pleas by the constitution and laws of the state.   All probate matters and trusts were within their jurisdiction originally, and remained there until the passage of the act of 1853.   They still retain that jurisdiction in probate matters, except so far, as it is rendered dormant, or superceded by that act, its amendments and supplementary acts.   This statute does not abolish that equitable jurisdiction of the Courts of Common Pleas in probate matters by express terms, but that jurisdiction remains in the Common Pleas Courts as auxiliary to the jurisdiction conferred upon Courts of Probate by said act, to be exercised only in exceptional cases where the probate jurisdiction is inadequate, like that of determining conflicting claims of heirs in the distribution of estates, or where it has actually shown itself insufficient, and failed to afford facilities to secure to parties their rights, and the parties have no adequate remedy at law.   Pomeroy's Equity Jurisprudence, See 349 and 1153.   Rosenberg v. Frank, 58 Cal. 387.

In all such actions the equitable powers of a court of chancery may be invoked and exercised.   27 Ohio St. 159—Piatt v. Longworth, Exrs, opinion by Johnson, Judge, wherein he says: "Since the act of 1853, the Probate Court has exclusive jurisdiction of the settlement of the accounts of executors and administrators; but when that remedy proves inadequate, the aid of a court of equity may be invoked."   Ibid. 186.

Fraud in fact vitiates and renders voidable all acts induced thereby; constructive fraud, by one standing in a fiduciary and confidential relation to the person affected, will avoid the settlement of any final account of a trustee, executor or administrator induced thereby.   Any such final settlement may be attacked in a court of equity in an independent action, upon a complaint that the final settlement was obtained by constructive fraud, or fraud in fact.

113 U. S. 89 to 93; Griffin v. Goody.   See L. C. P. Co. Book 28, 934;

Woerner Law of Administration of Estates, Sec.'s 507—508. 25 Ohio St. 374, McAfee v. Phillips.

The purpose of this action is an investigation in equity of all of said accounts of the defendant, Stratton, upon the charge that he acted fraudulently in the administration of the trust funds, and in procuring the approval and settlement of said account by said court, to the great injury of the plaintiff.

We therefore hold that this court has jurisdiction over the subject matter in this action, and overrule the demurrer so far as it is based upon the ground of want of jurisdiction thereof in this court.

This brings us to the second ground of the demurrer, to-wit:—that the petition does not contain a sufficient statement of facts to constitute a cause of action.

The averments, in form, charge that Stratton acted fraudulently, illegally and improperly in making investments; and after making them the security became practically of no value, and worthless.

The charge of fraud, which is the important one, is made in a general way, and in general terms only; so general, that we think they are only legal conclusions so far as they relate to acts outside of the special and particular investments therein stated; but as to those specifically stated we find, that it is averred that they became practically of no value and worthless after the investment was made, with no direct averment that they were not sufficient security at the time the investment was made.

Bates on Pleading, page 451, paragraph 1; Woerner Law of Administration of Estates, Sec. 508.

All of the facts and circumstances relied upon as constituting fraud, in fact, or constructive fraud, which it is claimed induced the making of the final settlement or the approval thereof by the Probate Court in this case, should be stated in the petition with distinctness and precision, and if it is claimed under Sections 6187 and 6332, that fraud, legal or constructive, entered into either or all of the partial accounts, and the plaintiff had been injured thereby, the facts constituting the legal or constructive fraud claimed should also be stated in the petition with distinctness and precision.

Woerner Law of Administration of Estates, Sec. 508—p. 1132.

We, therefore, hold that the petition does not contain a sufficient statement of facts to constitute a cause of action, and the demurrer is sustained upon that ground.

*Horace Alvord,* attorney for plaintiff.
*G. S. Shepherd* and *J. H. Burrows,* attorney for defendants.